# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **ELIZABETH TORRES** | § § § § | |
| VS. | § § | Civil Action No. 1:22-cv-100 |
| | § § § | |
| **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** | § § | |

## PLAINTIFF'S AMENDED COMPLAINT

Plaintiff Elizabeth Torres (hereinafter called "Plaintiff") files this *Plaintiff's Amended Complaint*, and in support states as follows:

### PARTIES

1. Elizabeth Torres is an individual who is a citizen of Texas.

2. Defendant Allstate Vehicle and Property Insurance Company (referred to herein as "Defendant" or "Allstate" or "Allstate Insurance Company") is an insurance company incorporated and existing under the laws of the State of Illinois and having its domicile in Illinois and principal offices in Cook County, Illinois. Accordingly, Allstate is a citizen of a state other than Texas.

### JURISDICTION

3. This case was originally filed in the County Court at Law No. II of Cameron County, Texas, and all claims asserted arose under state law. Defendant removed, asserting federal diversity jurisdiction pursuant to 28 U.S.C. §1332. This Court has diversity jurisdiction because the parties are citizens of different States and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

## VENUE

4. Venue is also proper in this judicial district and division pursuant to 28 U.S.C. §1391(b)(2) because Plaintiff's insured real property made the basis of this suit is situated in this district and division, and all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

## FACTS

5. Plaintiff is the owner of a Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Allstate.

6. Plaintiff owns the insured property, which is specifically located at 1091 Marrs Ave, Brownsville, TX 78521, in Cameron County (hereinafter referred to as "the Property").

7. On or about October 1, 2021, a storm struck Cameron County, Texas causing damages to homes and businesses throughout the area, including Plaintiff's property ("the Storm"). Specifically, Plaintiff's roof sustained extensive damage during the Storm. Plaintiff's property also sustained damages to the architectural finishes of the property. After the Storm and in compliance with the Policy, Plaintiff filed a claim with Allstate for the damages to her property caused by the Storm.

8. Plaintiff submitted a claim to Allstate against the Policy for roof damage, exterior damage, damage to the fence, and interior damage, including to the dining room and the bedroom, all of which was caused by the Storm. Plaintiff asked that Defendant cover the costs of repairs to the Property pursuant to the Policy.

9. On April 27, 2022, Plaintiff submitted a demand letter to Defendant, through her counsel, for damages to her property, amounting to $25,141.12. Of that amount, $21,368.62 represent the economic damages found by the estimator on behalf of Plaintiff.

10. After submitting the claim, Defendant assigned an adjuster, Andrew Walters, to evaluate damages to the Property. At the start of the process, which was on or around May 16, 2022, Defendant's adjuster told Plaintiff that the damage to her property would be fully covered and that Plaintiff had nothing to worry about. The adjuster knew this was a false statement when made because, prior to inspecting the property, Mr. Walters knew that Defendant would not pay any amount for the covered damage. In fact, Defendant trains its adjusters to ignore covered damage and/or (depending on the circumstances) to calculate damages so that the total estimated cost of repairs is below a policyholder's deductible. Thus, Mr. Walters's statement that Plaintiff's damage to her property would be fully covered was false when made, completely aware that it was false.

11. The adjuster assigned by Defendant failed to reasonably perform an investigation into the damages sustained by the Plaintiff. Specifically, the adjuster spent less than one hour in assessing damages and then determined there was minimal damage to Plaintiff's property, and no payment was issued. Much more time would have been needed to conduct an adequate inspection due to the size of Plaintiff's property and the extent of the damage Plaintiff identified. Plaintiff identified roof damage, exterior damage, damage to the fence, and damage to the interior, including to the dining room and bedroom, all of which adjuster purposefully overlooked. The roof is severely damaged in the form of missing shingles, which resulted from the storm damage, which is damage covered by Plaintiff's policy. In sum, Defendant's adjuster ignored all of these aforementioned areas by refusing to conduct an adequate inspection. Defendant trains its adjusters to conduct outcome-oriented inspections in an expeditious fashion.

12. Plaintiff clearly identified damage on her roof, which itself is 22 squares. The inspection was done in an outcome-oriented way and in an expeditious fashion, as well. The size

of the roof would have necessitated over one and a half hours to do a proper and thorough inspection. Defendant's adjuster spent less than 30 minutes inspecting the roof and ignored several affected areas due to the storm winds, which are damages covered by Plaintiff's policy.

13. As a result of Mr. Walters's unreasonable investigation, Plaintiff's claim was improperly adjusted. Defendant's calculation of the covered damage was significantly deficient, as Defendant purposefully ignored areas with covered damage. Because Allstate's adjuster failed to properly inspect and account for the covered losses, Defendant issued no payment to Plaintiff for the extensive damage to her property, on the basis that the amount of damage was below her deductible. In fact, Defendant trains adjusters to calculate just enough damage so that the total amount of replacement cost value will be less than or very close to a policyholder's deductible, regardless of the actual damage present in the subject properties. Such a policy allows Defendant to mandate that policyholders make repairs to their properties out of their own pocket, thereby releasing Defendant of its obligation to make any payment to the policyholder for those repairs.

14. A subsequent estimate of the covered damages revealed that the estimated repairs for Plaintiff's property were over $21,000, well above Plaintiff's deductible. The difference in repair estimates is due directly to Defendant purposefully overlooking covered damages to the areas identified by Plaintiff. Instead, Defendant attempted to escape liability by attributing the damage to excluded losses from the policy.

15. As a result of Defendant's conduct, Plaintiff did not receive the payment she was entitled to under the Policy for the Storm damages and losses. As previously stated, when Plaintiff originally purchased the Policy issued by Allstate, Allstate's agent, Rafael Larrazolo, represented on behalf of Allstate that it would always conduct a fair and unbiased investigation of Plaintiff's claims against the Policy and promptly issue payment to Plaintiff for all properly covered hailstorm

and windstorm damages to the Property. Mr. Larrazolo knew this statement was false at the time it was made. Mr. Larrazolo knew that Allstate conducted outcome-oriented investigations and purposefully calculated damage estimates below or slightly close to a policyholder's deductible, all to ensure that Defendant would not have to pay, or would have to pay very little, to policyholders for covered damages. Similarly, Defendant evades responsibility for covered losses by attributing damages to "exclusions" enumerated within that same policy. At no time did Allstate or any of its agents disclose to the Plaintiff that, in fact, it would conduct an unreasonable, unfair, and/or biased investigation of the claims that Plaintiff submitted against the Policy for hailstorm and/or windstorm damages to the Property and thereby deny Plaintiff's claim for properly covered hailstorm and/or windstorm damages to the Property. The failure to disclose this truth was a material omission by Allstate's agent. As such, Plaintiff reasonably relied on Allstate's misrepresentations and omissions upon purchasing her initial insurance policy, and but for Allstate's misrepresentations and omissions, Plaintiff would not have purchased the Policy issued by Allstate and would have purchased an insurance policy from a different insurer to insure the Property against storm losses.

16. As indicated in the paragraphs above and below, Allstate wrongfully adjusted Plaintiff's claim for damages suffered during the Storm, even though the Policy provided for those losses. Defendant knew that it had conducted an outcome-oriented investigation, had purposefully ignored covered damage, all the time knowing that it was wrongfully refusing to pay for covered damages. Every day that passes without payment to Plaintiff for the covered damage is another day in which Defendant is purposefully delaying payment because it knows that Plaintiff has more covered damages than were initially estimated.

17. Defendant failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant, through its various agents, wrongfully denied Plaintiff's claim for covered damages, even though all conditions precedent to recovery upon the Policy had been carried out by the Plaintiff. Allstate's conduct constitutes breach of the insurance contract between Allstate and Plaintiff.

18. Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner when its adjuster failed to perform a reasonable investigation into Plaintiff's damages. Specifically, the adjuster spent less than one hour in assessing damages and then determined there were no damages that would be covered by the policy. All this was done despite Defendant's actual awareness of its liability to the Plaintiff under the Policy. This constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code § 541.060(a)(2)(A).

19. Defendant refused to fully compensate the Plaintiff under the terms of the Policy for covered losses. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, purposefully ignored covered damage, and purposefully underpaid Plaintiff's claim on the property, all of which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. This constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code § 541.060(a)(7).

20. When Plaintiff first purchased the Policy from Defendant through its agent, Defendant misrepresented to Plaintiff that under the Policy, Plaintiff would be entitled to payment from Allstate for damages caused by a covered loss, including hailstorm and/or windstorm losses, and that it would conduct an unbiased and reasonable investigation of any claim Plaintiff timely submitted against the Policy. This was a misrepresentation because the agent knew that Defendant would not pay for such damages, as described above. If Plaintiff had known that Allstate was not

going to pay for storm damages that were covered under the Policy, Plaintiff would not have purchased the Policy from Allstate, and instead would have purchased a different insurance policy insuring her Property from a different insurer. Defendant made material misrepresentations as to coverage under the Policy upon Plaintiff purchasing the Policy that misled Plaintiff, including untrue statements of material facts and wrongfully concealed material facts necessary to make Allstate's other representations also misleading, upon which Plaintiff reasonably relied to her detriment. Allstate's conduct constitutes a violation of the Texas Insurance Code, Misrepresentation of Insurance Policies. Tex. Ins. Code §§ 541.061(1), (2), (3), and (5), as well as violations of Texas Deceptive Trade Practices Act ("DTPA"), Tex. Bus. & Comm. Code §§17.41-.63.

21. Defendant Allstate Insurance Company failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay by dragging the process of obtaining a decision through months of bitter dispute, when Defendant already knows that Plaintiff is entitled to coverage under the terms of the policy. Specifically, Defendant has delayed payment for Plaintiff's claim. Allstate's conduct constitutes a violation of Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code § 542.058.

22. From and after the time Plaintiff's claim was presented to Defendant, the liability of Allstate to pay the claim in accordance with the Policy was reasonably clear. However, Allstate has refused to pay Plaintiff for the claim, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny full payment. Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing.

23. Defendant knowingly and recklessly made false representations, as described above, as to the material facts and/or knowingly concealed all or part of material information from the Plaintiff.

24. As a result of Defendant's conduct, Plaintiff was forced to retain the professional services of an attorney and law firm to represent him with respect to these causes of action.

## CAUSES OF ACTION

25. Plaintiff is not making any claims for relief under federal law.

26. Defendant Allstate Insurance Company is liable to Plaintiff for intentional breach of contract, DTPA violations, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

27. Defendant Allstate's conduct constitutes a breach of the insurance contract made between Allstate and Plaintiff.

28. Defendant's failure and/or refusal to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant's insurance contract with the Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLMENT PRACTICES/PROMPT PAYMENT

29. Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §§ 541.060(a), 541.061. All violations under this article are made actionable by Tex. Ins. Code § 541.151.

30. Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(1).

31. Defendant Allstate's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of this claim, even

though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and un unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(2)(A).

32. Defendant Allstate's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation of the facts or applicable law, for its denial of the claim, constitutes an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(3).

33. Defendant Allstate's unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitute an unfair method of competition and unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(7).

34. Defendant Allstate's unfair or deceptive acts and/or practices of misrepresenting the Policy, as described above and otherwise herein, by: (1) making untrue statements of material fact, (2) failing to state material facts necessary to make other statements it made not misleading, (3) making a statement(s) in a manner that would mislead a reasonably prudent person to a false conclusion of material fact, and which in fact misled Plaintiff to false conclusion of material fact regarding coverage under the Policy, and/or (4) failing to make a disclosure as required by law and/or in accordance with another provision of the Insurance Code, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.061.

35. Defendant Allstate's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, constitutes a non-prompt payment of this claim. Tex. Ins. Code § 542.058.

## DTPA VIOLATIONS

36. Defendant Allstate's conduct constitutes multiple violations of the DTPA. Tex. Bus. & Comm. Code §§17.41-.63. Plaintiff is "an individual, a partnership, or a corporation" that sought or acquired goods or services by purchase or lease from Defendant, and therefore qualifies as a consumer under the DTPA. Tex. Bus. & Comm. Code §17.54(4). Plaintiff has met all the conditions precedent to bringing this cause of action against Defendant. Specifically, Defendant's violations of the DTPA include, without limitation, the following matters:

   a. Defendant's actions, as described in this Complaint, are unconscionable in that Defendant's actions took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff a right to relief under section17.50(a)(3) of the DTPA.

   b. Defendant's conduct, acts, omissions, and failures, and described in this Complaint, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

37. The above-described acts, omissions, and failures of the Defendant are a producing cause of Plaintiff's damages as described in this Complaint. The above-described acts, omissions, and failures of the Defendant were committed "knowingly" and "intentionally," as those terms are defined by the Texas Deceptive Trade Practices Act.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

38. Defendant Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

39. Defendant Allstate's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant knew or should have

known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

40. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

41. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing cause of the damages sustained by the Plaintiff.

42. These damages are a direct result of Defendant's mishandling of Plaintiff's claim, in direct violation of the laws, as set forth above.

43. For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claim, together with attorney's fees.

44. For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney's fees. For "knowing" conduct of the acts described above, Plaintiff asks for three times her actual damages. Tex. Ins. Code § 541.152.

45. For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as ten (10) percent interest per annum on the amount of such damages claimed, together with attorney's fees.

46. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach

of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

47. For the prosecution of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

48. Plaintiff would further show that the acts and omissions of Defendant and its agents, adjusters, employees and/or representatives complained of herein were committed knowingly, willfully, intentionally, with actual awareness, and with the specific and predetermined intention of enriching said Defendant at the expense of Plaintiff. In order to punish said Defendant for such unconscionable overreaching and to deter such actions and/or omissions in the future, Plaintiff requests exemplary damages pursuant to 17.50(b)(1) of the Texas Business and Commerce Code and § 541.152(b) of the Tex. Ins. Code.

## JURY DEMANDED

49. Plaintiff asserts her rights under the Seventh Amendment to the U.S. Constitution and demand, in accordance with Federal Rule of Civil Procedure 38, that all causes of action herein be tried before a jury consisting of citizens residing in Cameron County, Texas.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate him in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition,

Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on his behalf expended, for pre-judgement and post-judgement interest as allowed by law, and for any other and further relief, either at law or in equity, to which he may show himself justly entitled.

Dated: August 17, 2022

Respectfully submitted,

/s/ Jose A. Chapa, Jr.
Jose A. Chapa, Jr.
*Attorney-in-Charge*
S.D. Tex. Bar No. 3410000
**JOSE A. CHAPA LAW FIRM, PLLC**
Tex. Bar No. 24113688
3116 Scenic Way Ave
McAllen, Texas 78503
Telephone: (214) 629-0788
jachapa@smu.edu